IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GREAT AMERICAN TITLE COMPANY )
OF GREEN COUNTY, INC. )
)
        Plaintiff, )
)
vs. ) Case No. 06-3112-CV-S-ODS
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

**AMENDED ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**[1]

Pending are cross-motions for summary judgment. For the following reasons, Plaintiff's Motion (Doc. # 15) is DENIED and Defendant's motion (Doc. # 13) is GRANTED.

I.  BACKGROUND

Great American Title Company of Greene County, Inc. "GATC" seeks a refund of $25,000 in federal tax penalties paid after failing to timely file its 2002 Forms 1099 with the Internal Revenue Service. The parties have filed a Joint Statement of Uncontroverted Facts, and both parties concurrently filed separate motions for Summary Judgment.

GATC regularly serves as an escrow agent in real estate closings. In that capacity, GATC is required to issue Forms 1099 to both its customers and the IRS. These forms may be transmitted to the IRS electronically or magnetically.

IRS Publication 1220 specifies the filing requirements related to Forms 1099; and lays out the proper methods for filing Forms 1099 both electronically and magnetically. The Table of Contents reveals that Part B addresses electronic filing, Part C addresses

---

[1]The only change made in this order is the correction of a statutory reference.

magnetic filing, and Part C, section 3 specifically addresses filing with 3 ½ inch computer disks. The text of Part B, section 1 describes electronic filing "as an alternative to magnetic media (tape cartridge or diskette) or paper filing," further identifying discs as magnetic media. Furthermore, Part B. specifies that electronic filing is accomplished via the FIRE (Filing Information Returns Electronically) System which is only accessible online. Thus, the use of a disc is unnecessary when filing electronically; electronic filing refers to the transmission of data over a telephone or cable line, so the protocols and procedures for filing electronically make no sense when discussing a filing submitted on disc. Finally, as suggested by the Table of Contents, Part C, section 3 discusses the technical requirements for filing on 3 ½ inch computer discs.

The deadline for filing the 2002 Forms 1099 via magnetic media (including computer discs) was February 28, 2003. The deadline for filing by electronic media was March 31, 2003.

Natalie Crawford was the employee responsible for GATC's preparation and filing of Forms 1099 with the IRS for the 2002 tax year. She reviewed IRS Publication 1220 and concluded computer diskettes were electronic media and the deadline for filing was therefore March 31, 2003, believing that filing by computer diskette was classified as electronic filing. This was Ms. Crawford's first time to deal with the tax filings (the person previously responsible having retired), so her efforts were reviewed by her supervisor, Linda Royce. Ms. Royce concurred in Ms. Crawford's interpretation. Consequently, GATC mailed the discs to the IRS in two batches, one in the middle of March 2003 and one near the end of March 2003.

On or about August 23, 2004, the IRS sent GATC a notice of penalties of $32,050 relating to its filing of Forms 1099 for the 2002 tax year. This included $25,000 for failing to timely file its Forms 1099 and $7,050 for including incorrect taxpayer identification numbers on some of those forms. Later, the IRS agreed to waive the $7,050 penalty for the incorrect taxpayer identification numbers, but refused to waive the late-filing penalties because GATC lacked reasonable cause for filing the forms after the deadline. GATC then instituted this action seeking a waiver of the fine.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

GATC's argument for waiver of the fines imposed by the IRS rests on 26 U.S.C. § 6724(a) which provides that "[n]o penalty shall be imposed under this part with respect to any failure if it is shown that such failure is due to reasonable cause and not to willful neglect." Regulations issued by the IRS further provide further guidance, declaring penalties will only be waived for reasonable cause if the filer establishes either "significant mitigating factors," or the failure was the result of "events beyond the filer's control." In addition to satisfying one of these two conditions,"the filer must establish that the filer acted in a responsible manner . . . both before and after the failure occurred." 26 C.F.R. 301.6724-1(d). It is not necessary to determine whether or not "significant mitigating factors" or "events beyond the filer's control" existed because the uncontroverted facts demonstrate GATC did not act in a responsible manner prior to filing the returns.

Acting in a responsible manner requires that "the filer exercised reasonable care, which is that standard of care that a reasonably prudent person would use under the circumstances in the course of its business in determining its filing obligations;" and that "the filer undertook significant steps to avoid or mitigate the failure." 26 C.F.R. §

3

301.6724-1(d)(ii). Steps which should be taken to mitigate the failure includes "[a]ttempting to prevent an impediment or a failure, if it was foreseeable." Id. Whether or not the filer's actions were reasonable is an objective inquiry. Lefcourt v. United States, 125 F.3d 79, 84 (2d. Cir. 1997).

Neither GATC nor the Record suggests any basis for concluding GATC's actions were reasonable. GATC consulted the appropriate publication to discern the proper procedure and deadlines, but this is insufficient in this case. Publication 1220 clearly classifies computer discs as magnetic media; there is no reasonable way to review the document and draw any other conclusion. Moreover, even with GATC mistaken belief that computer discs are electronic media, GATC's actions were unreasonable in that GATC did not even follow the instructions for filing electronically.

Based on the above analysis, GATC did not act in a responsible manner requiring that reasonable care be used to ensure compliance with its filing requirements. Accordingly, Defendant's motion for summary judgment is granted and GATC is not entitled to a waiver of fines imposed by the IRS.

## III. CONCLUSION

For the above reasons, summary judgment is granted in favor of Defendants on all claims.

IT IS SO ORDERED.


DATE: October 5, 2006          /s/   Ortrie D. Smith
                               ORTRIE D. SMITH, JUDGE
                               UNITED STATES DISTRICT COURT

4